**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DAIGLE, HIMEL, DAIGLE PHYSICAL THERAPY CENTER AND REHABILITATION, INC.** | **CIVIL ACTION** |
| | **NO: 25-2147** |
| **V.** | |
| **UNIVERSAL ADCOM, LLC AND JIM GILDENBLATT** | **SECTION C (1)** |

**ORDER AND REASONS**

Before the Court is plaintiff, Daigle, Himel, Daigle Physical Therapy Center and Rehabilitation, Inc.'s <u>Motion to Remand</u> (R. Doc. 20). Because the Court finds that defendants, Universal AdCom, LLC and Jim Gildenblatt's (collectively, "AdCom") removal was untimely, Daigle's motion to remand is **GRANTED**.

**I.      BACKGROUND**

Between August 12, 2022 and January 3, 2023, Daigle filed 28 separate lawsuits against AdCom.[1] Among other claims, the lawsuits alleged fraud in the execution of an advertising contract entered between Daigle and AdCom, and sought return of amounts paid, attorney fees and costs.[2] 19 of the lawsuits were filed in the 17th Judicial District Court, Lafourche Parish, while the remaining nine were filed in Thibodaux City Court.[3] Each lawsuit involved one or more withdrawals of money from a Daigle account by AdCom.[4] Each lawsuit involved Daigle and AdCom. In fact, the lawsuits are nearly identical, involving the same primary parties, the same key witnesses, the same business relationship, and the same legal theories, with the only material

---

[1]      *See* R. Doc. 2-1.
[2]      *See id.*
[3]      *See id.*
[4]      *See* R. Doc. 1-1.

1

difference being the amount claimed in each lawsuit. [5] No single lawsuit claimed more than $36,000.[6] It is undisputed that the total of all claims in all 28 lawsuits exceeds $400,000.

On February 16, 2023, AdCom filed a motion to consolidate the 17th JDC lawsuits alleging:

1) All lawsuits involve the same parties, key witnesses, and subject matter. The lawsuits all arise out of the same business relationships and same type of transactions.

2) The only difference between the claims is the amount of the billing statements, which varied month to month.

3) The only difference in parties is the banking institution defendants, Synergy and American Express Company, who do not oppose consolidation.

4) The "exact same" issues of fact and law predominate over all the lawsuits because the claims are the same claims asserted by both sides.

5) The primary parties are identical.

6) The causes of action are identical.

7) The defenses are identical.

8) The petitions are identical, except for the amount and date.

9) A determination in one lawsuit will very likely be determinative of all the other lawsuits.

10) The sum total of the lawsuit transactions is approximately $389,724.50.

11) If consolidated, the amount in dispute will exceed the jurisdictional limit for the lawsuits in City Court.[7]

In response, an agreed order was signed on August 18, 2023, consolidating the 19 pending 17th JDC lawsuits.[8] The order was "[b]ased on the stipulation [of] all parties" who "agreed to the

---

[5]    R. Doc. 20-1 at 5; R. Doc. 25 at 2.
[6]    *Id.* at 11-16.
[7]    R. Doc. 20-2 at 4-5.
[8]    R. Doc. 20-3 at 3.

consolidation of the cases . . . for discovery and trial purposes."[9]  The cases were consolidated "for all further proceedings, and for final disposition."[10]

In December 2023, seven city court lawsuits were transferred to the 17th JDC.[11] The two remaining city court lawsuits were transferred in October 2024.[12] Synergy, a non-diverse defendant domiciled in Louisiana, settled and was dismissed from all the lawsuits on May 6, 2025.[13]

Finally, AdCom moved to consolidate the city court lawsuits with the previously consolidated 17th JDC lawsuits.[14] An agreed judgment consolidating those lawsuits was signed September 15, 2025.[15] AdCom filed its removal notice on October 15, 2025.[16] Daigle timely filed its motion to remand.[17]

## II.    LEGAL STANDARD

Diversity jurisdiction depends upon the simultaneous existence of complete diversity and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). A defendant seeking to remove a case to federal court must file a notice of removal "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . or within 30 days after the service of summons upon the defendant." 28 U.S.C. § 1446(b). If a case is not initially removable, a notice of removal may be filed within 30 days after receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). A case asserting diversity jurisdiction cannot be removed more than one year after commencement of the action, unless plaintiff acted in bad faith to prevent

---

[9]        *Id.*
[10]       *Id.*
[11]       R. Doc. 10-2 at 20–70
[12]       *Id.* at 71–89
[13]       R. Doc. 1-3 at 2-3.
[14]       R. Doc. 10-2 at 16-19
[15]       R. Doc. 2-4 at 2-3
[16]       R. Doc. 2 at 2
[17]       R. Doc. 20.

removal. 28 U.S.C. § 1446(c)(1); *see Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 293 (5th Cir. 2019). The removing party has the burden of showing federal jurisdiction exists. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). Any doubt regarding removal must be resolved in favor of remand. *Manguno*, 276 F.3d at 723 (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

## III.    ANALYSIS

The parties acknowledge this case was not initially removable.[18] Thus, whether removal was timely depends on when AdCom received "an amended pleading, motion, order or other paper" from which it could first ascertain the case was removable. *See* 28 U.S.C. § 1446(b)(3). The information supporting removal "must be *unequivocally clear and certain* to start the time limit running for a notice of removal." *Bosky v. Kroger Texas, LP,* 288 F.3d 208, 211 (5th Cir. 2002) (emphasis added).

Daigle argues AdCom was aware the amount in controversy exceeded $75,000 as early as February 2023, when the first motion to consolidate was filed in the 17th JDC.[19] Consequently, the argument continues, AdCom was able to ascertain removability on April 23, 2025, when Daigle circulated a motion to dismiss Synergy, the only non-diverse defendant.[20] Because AdCom waited longer than 30 days from that date to file notice of removal, Daigle argues removal is untimely.[21]

In response, AdCom asserts it could not ascertain removability until all 28 lawsuits were merged in September 2025.[22] Relying upon *Matter of Succession of Breen*, 2021-0806 (La. App.

---

[18]    *See* R. Doc. 20-1 at 1; R. Doc. 25 at 6.
[19]    R. Doc. 20-1 at 10.
[20]    *Id.*
[21]    *Id.*
[22]    R. Doc. 25 at 6.

4

1 Cir. 7/11/23), 370 So. 3d 1114, AdCom contends the August 2023 order was a limited consolidation for administrative convenience, which did not legally merge the lawsuits.[23] State law defines and sets the parameters of consolidation and guides the federal court's remand analysis. *See Poole v. Poppell*, No. 18-6921 c/w 18-6961, 2019 WL 1397944, at *2 (E.D. La. Mar. 27, 2019) ("[A] merger of all claims and all parties occurs when the state court makes clear its intention to join the parties' claims into a single proceeding for all purposes."). If the state court clearly intends to combine all claims and parties into one proceeding, the lawsuits effectively merge into a single case. *Id.*

The August 2023 order reflects the state court's intent to treat the 19 consolidated lawsuits as one. There is no material difference in the operative language of the August 2023 order and the September 2025 order. The August 2023 order provides that the 19 17th JDC lawsuits are "hereby consolidated with" the lead case, no. C-145410, "*for all further proceedings, and for final disposition*, in order to best serve the ends of justice and economy."[24] The September 2025 order similarly provides that all lawsuits "are consolidated under Docket No. C-145410 *for all further proceedings, and final disposition*."[25] While the September 2025 order added that "[t]he cases should be treated as a single unit and will be tried together, and may be appealed in a single appeal,"[26] that language simply elaborates upon the intent already expressed in the August 2023 order that the cases be consolidated "for all further proceedings, and for final disposition." If the August 2023 order did not merge the lawsuits, then the identical language in the September 2025 order did not merge the lawsuits.

---

[23]     *Id.* at 7.
[24]     R. Doc. 20-3 (emphasis added).
[25]     R. Doc. 2-4 at 3 (emphasis added).
[26]     R. Doc. 2-4 at 3.

The August 2023 order made it "unequivocally clear and certain" the 17th JDC lawsuits were merged into a single proceeding with a combined amount in controversy exceeding $75,000. *See Bosky*, 288 F.3d at 211. In fact, AdCom presented aggregate claims of $389,724.50 five months earlier in its motion to consolidate.[27] In that same motion, AdCom said all the lawsuits involved the "exact same" issues of fact and law, determination of one lawsuit would likely determine all lawsuits, and "the amount in dispute will exceed the jurisdictional limit for the lawsuits in City Court."[28] The Court finds the amount in controversy unequivocally clear, certain and ascertained by no later than August 2023.

While the amount in controversy element was satisfied by August 2023, the case was not removable then because a non-diverse party, Synergy, remained a defendant. On April 23, 2025, AdCom received an unsigned draft of a motion to dismiss Synergy.[29] A signed order of dismissal was received on May 6, 2025.[30] Both the motion and subsequent order made it "unequivocally clear and certain" that complete diversity now existed: plaintiff, Daigle, an alleged Louisiana citizen; and, defendants, AdCom and Jim Gildenblatt, alleged Texas citizens. *See Bosky*, 288 F.3d at 211. The elements of diversity jurisdiction simultaneously existed at that time.[31] The notice of removal was filed October 15, 2025—more than 30 days later after diversity was perfected—and thus is untimely.

The Court does not resolve whether Daigle was in bad faith under the §1446(c)(1) exception. While that exception extends the one-year limitation for diversity-based removals, it

---

[27]     R.Doc. 20-2 at 4.
[28]     *Id.*
[29]     R. Doc. 20-4.
[30]     R. Doc. 1-3 at 2-3.
[31]     Whether the joint motion to dismiss was sufficient to trigger the 30-day removal deadline is immaterial. Because April 23, 2025 and May 6, 2025 are both more than 30 days before AdCom filed the October 15, 2025 notice of removal, removal was untimely. *See Howell v. State Farm Mut. Auto. Ins. Co.*, No. 17-2069, 2017 WL 1506053, at *4 (E.D. La. Apr. 27, 2017) (declining to determine when the defendant was put on notice under section 1446(b)(3) where either date would lead to the same result).

does not eliminate the § 1446(b)(3) 30-day filing requirement. *See DeCuir v. United Fin. Cas. Co.*, No. 23-1572, 2023 WL 5200525, at \*2 (E.D. La. Aug. 14, 2023) (bad faith under section 1446(c)(1) does not extend section 1446(b)(3)'s 30-day filing deadline).

AdCom requests leave to amend its notice of removal under 28 U.S.C. § 1653.[32] Because the case is remanded on timeliness grounds, amendment of the jurisdictional allegations under section 1653 is not warranted. AdCom's request for leave to amend is **DENIED**.

AdCom moves to strike Daigle's reply, claiming it was filed after the Court's 5:00 p.m. deadline and raises new arguments not presented in Daigle's remand motion.[33] AdCom's motion to strike is **DENIED**.

Daigle requests attorney fees and costs pursuant to 28 U.S.C. § 1447(c).[34] "Absent unusual circumstances, courts may award attorney's fees under section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although the Court finds removal untimely, this case presents an unusual procedural history involving 28 consolidated lawsuits. AdCom did not lack an "objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. The request for attorney fees and costs is **DENIED**.

## IV.   CONCLUSION

AdCom's removal was untimely under 28 U.S.C. § 1446(b)(3). The August 2023 order merged the 17th JDC cases into a single proceeding, making it unequivocally clear and certain that at that time the amount in controversy exceeded $75,000. Daigle's voluntary dismissal of Synergy made it unequivocally clear and certain that complete diversity of citizenship existed. Therefore,

---

[32]   R. Doc. 25 at 10–13.
[33]   R. Doc. 29.
[34]   R. Doc. 20-1 at 16-17.

the 30-day period for removal began no later than May 6, 2025, and expired no later than June 5, 2025. AdCom's October 15, 2025 notice of removal was untimely. The bad faith exception under section 1446(c)(1), even if applicable, does not extend the 30-day filing deadline of section 1446(b)(3).

Considering the above and foregoing;

**IT IS ORDERED** that Daigle's Motion to Remand (R. Doc. 20) is **GRANTED**. This matter is remanded to the 17th Judicial District Court, Lafourche Parish, Louisiana.

New Orleans, Louisiana, this 28th day of May, 2026

_____

WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE

8